UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ROOTS,<br><br>Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>Respondent. | No. 2:17-cv-1566 AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner incarcerated at the California Medical Facility, who proceeds pro se with a putative petition for writ of habeas corpus filed on July 28, 2017. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

This court issued New Case Documents to petitioner on August 1, 2017, ECF No. 2, and, by order filed August 11, 2017, directed petitioner to pay the $5.00 filing fee or submit an application to proceed in forma pauperis, ECF No. 4. See 28 U.S.C. §§ 1914(a); 1915(a). In response, petitioner filed two notices that purport to demonstrate that he is a sovereign citizen without obligation to the government or this court, and thus stands by his alleged right to refuse to comply with the court's orders. See ECF Nos. 5, 6.

Review of the document initially filed in this action demonstrates that it is entitled "Writ of Mandamus Privilege," and is comprised of various pronouncements and asserted delegations of

1

personal power.  See ECF No. 1.  The document asserts no identifiable claim, and is comprised only of random facts and legal pronouncements.  See id.; see also ECF No. 3 (supplement).  Whether construed as a petition under 28 U.S.C. § 2254, or a civil rights complaint under 42 U.S.C. § 1983, the initial filing is clearly frivolous.  A claim is legally frivolous when it lacks an arguable basis in law or in fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

This court discerns no grounds upon which to authorize this case to proceed, and finds that amendment would be futile.  This action may be dismissed under the screening standards of either Rule 4, Rules Governing Section 2254 Cases (the court must dismiss a habeas petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court"), or 28 U.S.C. § 1915A(b)(1) (the court must dismiss a civil rights complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted").  Moreover, petitioner has expressly refused to abide by the court's orders, which provides an independent ground for dismissal.  See Fed. R. Civ. P. 41(b) (authorizing dismissal of an action due, inter alia, to a plaintiff's failure to comply with a court order); see also Local Rule 110 ("Failure of . . . a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice because patently frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified

////

time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 6, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE